JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Arthur Pickens, appeals from the court's decision to deny his Crim. R. 32.1, postsentence motion to withdraw his guilty plea. In five pro se assignments of error, he makes various complaints about the effectiveness of trial counsel's performance. We find no error and affirm.
 {¶ 2} The underlying facts are set forth in our decision in State v.Pickens, Cuyahoga App. No. 89658, 2008-Ohio-1407. Pickens pleaded no contest to felony charges of stalking and violating a protective order. On direct appeal, Pickens only challenged the length of his sentence. We concluded that his sentence was within applicable statutory parameters and that Pickens' lengthy prior record substantiated the length of his sentence. Id. at ¶ 7.
 {¶ 3} After we released our decision on direct appeal, Pickens filed a pro se motion to withdraw his no contest plea. He maintained that he would not have pleaded no contest had he known that he would receive a three-year sentence and that he was misled into pleading no contest due to erroneous advice by counsel. The court denied the motion without a hearing.
 {¶ 4} Pickens' assignments of error are all without merit because the court lacked authority to vacate his no contest pleas. In State ex rel.Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94, 97-98, the supreme court stated: "[C]rim.R. 32.1 does not vest jurisdiction in the trial court to maintain and *Page 4 
determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." A trial court has no power to reverse that which a superior court had affirmed. State v. Vild, Cuyahoga App. Nos. 87742 and 87965, 2007-Ohio-987, at ¶ 13.
 {¶ 5} Even though Pickens did not raise any issues relating to the validity of his guilty plea on direct appeal, he could have done so. Principles of res judicata bar the assertion of claims from a final judgment of conviction that have been raised or could have been raised on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 6} Pickens filed a direct appeal and did not raise any issues surrounding the validity of his no contest plea. Res judicata therefore applies, and barred the court from reexamining that which became final by this court's decision.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., and JAMES J. SWEENEY, J., CONCUR *Page 1