[Cite as *State v. Coats*, 2009-Ohio-3534.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,             CASE NO. 10-09-04

    v.

DOUGLAS N. COATS,               O P I N I O N

    DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,             CASE NO. 10-09-05

    v.

DOUGLAS N. COATS,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Mercer County Common Pleas Court
Trial Court No. 05-CRM-077
Trial Court No. 05-CRM-078

Judgments Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: July 20, 2009

APPEARANCES:

    *Douglas Coats,* Appellant

    *Matthew K. Fox* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Douglas Coats, appeals the judgments of the Mercer County Court of Common Pleas denying his Crim.R. 32.1 motions to withdraw his guilty pleas. On appeal, Coats argues that the trial court erred in denying his motions because it failed to advise him prior to accepting his guilty pleas of the mandatory term of postrelease control and that it was not bound by the State's sentencing recommendation; and, because the trial court failed to conduct a proper inquiry into whether his pleas were voluntarily given after he informed the trial court that he was on anti-depressant medication. Finding that Coats' claims are barred by res judicata, but that his sentence is void, we affirm in part, and reverse in part, the judgments of the trial court.

{¶2} This case comes before us as a consolidated appeal of trial court cases numbered 05-CRM-077 and 05-CRM-078.[1] In June 2005, in trial court case number 05-CRM-077, the Mercer County Grand Jury indicted Coats on thirteen counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree, and, in trial court case number 05-CRM-078, the Mercer County Grand Jury indicted Coats on one additional count of gross sexual imposition in violation of R.C. 2907.05(A)(4), also a felony of the third degree.

---

[1] We note that appellate case number 10-09-04 corresponds to trial court case number 05-CRM-077, and appellate case number 10-09-05 corresponds to trial court case number 05-CRM-078.

{¶3} In August 2005, Coats entered pleas of not guilty to all counts in both indictments.

{¶4} In September 2005, pursuant to a plea agreement, Coats withdrew his not guilty pleas and entered a plea of guilty to counts one, seven, and thirteen of the indictment in trial court case number 05-CRM-077, and entered a plea of guilty to the one count indictment in trial court case number 05-CRM-078. The State then entered a nolle prosequi on the remaining counts. Additionally, as part of the plea agreement, the State agreed to recommend a three-year prison term on each count in case number 05-CRM-077, to be served consecutively to each other, and a three-year prison term in case number 05-CRM-078, to be served concurrently to the sentence in 05-CRM-077, for an aggregate nine-year prison term. Prior to accepting Coats' guilty pleas, the trial court conducted a full Crim.R. 11 plea colloquy, specifically stating:

> **[Trial Court]: Despite the jointly recommended plea agreement, I need to advise you of the maximum penalty that the court could impose. For each charge of gross sexual imposition, a felony of the third degree, you could be sentenced to five years in prison and be fined $10,000. Do you understand that?**
>
> **[Coats]: Yes, your Honor.**
>
> **[Trial Court]: So the maximum penalty for these four charges, three in Case No. 77 and one in Case No. 78, would be four times that or twenty years in prison plus a fine of $40,000. Do you understand that?**
>
> **[Coats]: Yes, your Honor.**

\* \* \*

**[Trial Court]: Are you now under the influence of any kind of medication, drugs, alcohol, or anything that would cause you not to understand what we're doing here today?**

**[Coats]: No, your Honor.**

\* \* \*

**[Coats]: They've got me on some anti-depressant medicine, but that's not what you're talking about now. Right?**

**[Trial Court]: If that doesn't have any affect on you understanding what we're doing here today.**

**[Coats]: Okay.**

(Sept. 2005 Change of Plea Hearing, pp. 7-11). At no time did the trial court advise Coats on the record that he would be subject to a mandatory term of postrelease control at the conclusion of his prison sentence. However, prior to the change of plea hearing, Coats signed a waiver of constitutional rights which provided, in part:

> **That if the Defendant is being sentenced for a felony of the first degree, or a felony of the second degree, for a felony sex offense, as defined in Section 2967.28 of the Revised Code, or for a felony of the third degree that is not a felony sex offense and in the commission of which the Defendant caused or threatened to cause physical harm to a person, that a period of post-release control pursuant to Section 2967.28 of the Revised Code will be imposed following the Defendant's release from prison.**

(Sept. 2005 Waiver of Constitutional Rights, p. 2).

**{¶5}** Additionally, prior to the change of plea hearing, Coats signed a negotiated plea agreement which provided:

> **POST RELEASE CONTROL. In addition, a period of supervision by the Adult Parole Authority after release from prison may be mandatory in this case. If I am sentenced to prison for a felony 1 or felony sex offense, after my release from prison I will have a mandatory 5 years of post release control under conditions determined by the Parole Board.**

(Sept. 2005 Negotiated Plea Agreement, p. 3).

**{¶6}** In November 2005, the trial court sentenced Coats to a three-year prison term on each of the counts in cases numbered 05-CRM-077 and 05-CRM-078, all to be served consecutively to each other, for a total twelve-year prison term. At the sentencing hearing, the trial court also advised Coats that he would be subject to five years of postrelease control upon the conclusion of his prison sentence. However, the trial court's sentencing entry failed to include the term of postrelease control.

**{¶7}** In July 2006, Coats filed a motion for resentencing, arguing that his sentence was void because the trial court failed to advise him of the mandatory term of postrelease control at sentencing. However, in August 2006, Coats withdrew the motion.

**{¶8}** In April 2007, Coats appealed to this Court; however, we subsequently denied his appeal as being untimely and for failing to set forth sufficient reasons for a delayed appeal pursuant to App.R. 5(A).

{¶9} In July 2008, Coats filed a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1, arguing that his pleas were not knowingly, voluntarily, and intelligently entered because the trial court failed to advise him that it was not bound by the State's sentencing recommendation in the plea agreement, and because it failed to advise him that he would be subject to a mandatory term of postrelease control upon the conclusion of his prison term.

{¶10} In January 2009, the trial court denied Coats' Crim.R. 32.1 motion, finding the motion to be an untimely petition for postconviction relief pursuant to R.C. 2953.21; that his claims were barred by res judicata because he failed to raise them prior or subsequent to sentencing or on direct appeal; and, that he was aware that the trial court was not bound by the State's sentencing recommendation in the plea agreement.

{¶11} It is from the trial court's denial of his motion to withdraw his guilty pleas that Coats appeals, presenting the following pro se assignment of error for our review.

**THE TRIAL COURT ERRED IN FAILING TO GRANT A PROPER MOTION FOR WITHDRAWAL OF PLEA, CONTRARY TO LAW AND CONSTITUTIONAL GAURANTEES. [SIC]**

{¶12} In his only assignment of error, Coats argues that the trial court erred in failing to grant his motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. Specifically, Coats argues that he should have been permitted to withdraw

his guilty pleas because the trial court failed to advise him that he was subject to a mandatory term of postrelease control, as required by *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, and that it was not required to follow the State's sentencing recommendation in the plea agreement, and because the trial court failed to properly inquire into whether his pleas were knowing, voluntary, and intelligent after he advised the trial court that he was taking prescription medications at the time of the pleas.

{¶13} Appellate review of a trial court's denial of a motion to withdraw a guilty plea pursuant to Crim.R. 32.1 is for an abuse of discretion. *State v. Nathan* (1995), 99 Ohio App.3d 722, 725, citing *State v. Smith* (1977), 49 Ohio St.2d 261. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Nagle* (2000), 11th Dist. No. 99-L-089, 2000 WL 777835, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶14} Crim.R. 32.1 provides that:

> **A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.**

{¶15} A Crim.R. 32.1 motion to withdraw a guilty plea will be considered a presentence motion where the defendant filed the motion after the imposition of a void sentence. *Boswell*, 121 Ohio St.3d 575, at ¶9. A presentence motion to withdraw a guilty plea is to be freely and liberally granted. *State v. Ramsey*, 3d Dist. No. 1-06-01, 2006-Ohio-2795, ¶5; *State v. Xie* (1992), 62 Ohio St.3d 521, 526. However, the right to withdraw a plea is not absolute. *State v. Fell*, 3d Dist. No. 13-03-74, 2004-Ohio-1853, ¶4, citing *Xie,* 62 Ohio St.3d 521, at paragraph one of the syllabus.

{¶16} Furthermore, "under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk,* 77 Ohio St.3d 93, 1996-Ohio-337, syllabus. Accordingly, res judicata will serve to bar all claims raised in a Crim. R. 32.1 motion that were raised or could have been raised in a prior proceeding. *State v. Sanchez,* 3d Dist. No. 4-06-31, 2007-Ohio-218, ¶18; *State v. McDonald*, 11th Dist. No. 2003-L-155, 2004-Ohio-6332, ¶22, citing *State v. Young,* 4th Dist. No. 03CA782, 2004-Ohio-2711.

{¶17} Here, the trial court found Coats' motion to withdraw his guilty pleas to be an untimely petition for postconviction relief pursuant to R.C. 2953.21.

However, as the Supreme Court of Ohio has previously held, a Crim.R. 32.1 motion to withdraw a guilty plea should not be construed as a petition for postconviction relief, as the two exist independently. *State v. Bush*, 96 Ohio St.3d 235, 238, 2002-Ohio-3993. See, also, *State v. Driskill*, 3d Dist. Nos. 10-08-10, 10-08-11, 2009-Ohio-2100, ¶33. As such, the trial court erred when it categorized Coats' motion as an untimely petition for postconviction relief. However, this error alone does not warrant reversal, as untimeliness under R.C. 2953.21 was not the only basis for the trial court's denial of Coats' motion. See *Bonner v. Bonner,* 3d Dist. No. 14-05-26, 2005-Ohio-6173, ¶18 ("A judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant").

{¶18} The trial court also found Coats' claims in his Crim.R. 32.1 motion barred by res judicata, as he failed to raise them prior or subsequent to sentencing, or on direct appeal. Coats was fully aware at the time of sentencing that the trial court, prior to accepting his plea, did not advise him on the record of the mandatory term of postrelease control. Furthermore, Coats was also aware at the time of sentencing of his two claimed errors: (1) that the trial court did not advise him that it was not bound to accept the State's sentencing recommendation within the plea agreement, and (2) that it did not properly inquire into whether his pleas were knowing, voluntary, and intelligent after he informed the trial court that he was taking prescription medications at the time of the pleas.

{¶19} Accordingly, we find that res judicata operates to bar Coats' claims raised in his Crim.R. 32.1 motion, and, consequently, we find that the trial court was correct in denying Coats' motion on the basis of res judicata.

{¶20} Although we have found Coats' claims to be barred by res judicata, in the interest of justice, we will summarily address his assignment of error. First, we find to be without merit Coats' argument that the trial court did not thoroughly inquire into whether his pleas were knowing, voluntary, and intelligent after he informed the court that he was on anti-depressant medication. The trial court conducted a thorough Crim.R. 11 colloquy and specifically asked Coats whether the anti-depressant medication was affecting his understanding of the plea proceedings, to which Coats responded that it was not. Furthermore, the record contains no evidence suggesting that Coats did not understand the nature or significance of the proceeding or his pleas. Consequently, because "'the record shows [the trial court] substantially complied with the requirements of Crim.R. 11(C) and the totality of the circumstances shows the defendant subjectively understood the implications of his plea[s],'" *State v. McGuire*, 8th Dist. No. 86608, 2006-Ohio-1330, ¶14, quoting *State v. Hyde*, 8th Dist. No. 77592, 2001 WL 30205, we find no error in the trial court's accepting of the pleas despite Coats' assertion that he was on anti-depressant medication.

{¶21} Second, we also find to be without merit Coats' assertion that he should have been permitted to withdraw his pleas because the trial court did not

inform him that it was not bound by the State's sentencing recommendation in the plea agreement. Although the trial court did not specifically state that it was not bound by the sentencing recommendation, which would have been the preferred practice, the trial court clearly implied such when it informed Coats of the maximum possible penalty, stating that he could be sentenced to five years in prison for each count "despite the jointly recommended plea agreement." (Sept. 2005 Change of Plea Hearing, p. 7). Moreover, we have previously held that the trial court is under no obligation to inform a defendant that it is not bound by a sentencing recommendation, *State v. Graham*, 3d Dist. No. 14-04-28, 2005-Ohio-1431, ¶11, and there is no evidence in the record evidencing that Coats' pleas were anything other than voluntary and intelligent. Consequently, we find that the trial court did not err in failing to permit Coats to withdraw his guilty pleas because the trial court did not specifically inform him that it was not obligated to follow the State's sentencing recommendation.

{¶22} Finally, we reject Coats' argument that his pleas were not knowing, voluntary, and intelligent because the trial court failed to notify him that he would be subject to postrelease control at the conclusion of his prison term. The Supreme Court of Ohio held in *Sarkozy,* 117 Ohio St.3d 86, that a reviewing court must vacate a plea and remand to the trial court when the trial court fails to advise a defendant during the plea colloquy that he will be subject to a mandatory term of postrelease control, as such failure to advise results in a violation of Crim.R.

11(C)(2)(a)'s requirement that the defendant be notified of the maximum penalty involved. However, we have distinguished from *Sarkozy* the situation in which a defendant did not seek to withdraw his plea prior to sentencing or on direct appeal, and where the defendant was provided with actual notice of postrelease control through a signed, written plea agreement and a signed, written waiver of constitutional rights. See *Driskill*, 2009-Ohio-2100, at ¶37. In this situation, we found that the defendant was properly advised of the maximum penalty involved pursuant to Crim.R. 11(C)(2)(a), even though the trial court did not notify him during the plea colloquy that he would be subject to postrelease control upon the conclusion of his prison term. Id.

**{¶23}** Here, Coats waited over two years after he was sentenced to seek a withdrawal of his plea. Furthermore, although the trial court failed to advise Coats prior to accepting his pleas that he would be subject to a term of postrelease control, Coats signed both a written plea agreement and a waiver of constitutional rights which provided that he would be subject to a term of postrelease control following the expiration of his prison term. Consequently, we find that Coats was properly informed of the maximum penalty involved as required by Crim.R. 11(C)(2)(a), and that the trial court did not err in denying his motion to withdraw his guilty pleas.

**{¶24}** Accordingly, we overrule Coats' assignment of error.

{¶25} Although we have overruled Coats' assignment of error, we also sua sponte address the trial court's failure to impose a term of postrelease control in the sentencing entry, even though neither party has addressed the issue on appeal.

{¶26} It is fundamental that "no court has the authority to substitute a different sentence for that which is required by law." *State v. Simpkins*, 117 Ohio St.3d 420, 425, 2008-Ohio-1197, citing *Colegrove v. Burns* (1964), 175 Ohio St. 437, 438. Therefore, any sentence imposed that is unauthorized under the law is unlawful and, consequently, void. Id.

{¶27} R.C. 2929.14(F)(1) provides, in part:

**If a court imposes a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person, it shall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division. * * * Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to include in the sentence pursuant to this division a statement regarding post-release control.**

{¶28} Additionally, R.C. 2967.28(B) provides:

**Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * Section 2929.191 of the Revised Code**

**applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code a statement regarding post-release control. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:**

**(1)    For a felony of the first degree or for a felony sex offense, five years;**

{¶29} Furthermore, R.C. 2929.19(B)(3)(c) requires the trial court to notify the offender at sentencing if he will be supervised under R.C. 2967.28 after the offender serves his prison sentence. Moreover, R.C. 2929.191 authorizes the trial court to conduct a resentencing hearing and to correct the judgment of conviction to notify the defendant of any term of postrelease control or to include any term of postrelease control that should have been imposed pursuant to R.C. 2929.14(F)(1) and R.C. 2967.28(B).

{¶30} In interpreting both R.C. 2929.14(F) and R.C. 2929.19(B)(3)(c), the Supreme Court of Ohio stated in *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph one of the syllabus, that the trial court must provide notice to the defendant of postrelease control both at the sentencing hearing and by incorporating it into the sentencing entry. See, also, *State v. Watt,* 175 Ohio App.3d 613, 619, 2008-Ohio-1009.

{¶31} Additionally in *State v. Boswell*, 121 Ohio St.3d 575, 577-578, 2009-Ohio-1577, the Supreme Court held that a trial court's failure to impose a mandatory term of postrelease control in the sentencing entry renders the sentence void, requiring a vacation of the sentence and a remand to the trial court for resentencing.

{¶32} Here, Coats pled guilty to four felony sex offenses. As such, R.C. 2929.14(F)(1) and R.C. 2967.28(B) required the imposition of a term of postrelease control. However, even though the trial court advised Coats at the sentencing hearing of the term of postrelease control, the trial court failed to include the term of postrelease control in the sentencing entry. Consequently, pursuant to *Boswell*, 121 Ohio St.3d 575, and R.C. 2929.191, Coats' sentence is void.

{¶33} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued in his assignment of error, but having found error prejudicial to the appellant herein, in the trial court's failure to include postrelease control in the sentencing entry, we affirm in part, reverse in part, and remand the cause to the trial court for further proceedings consistent with this opinion.

*Judgments Affirmed in Part, Reversed in Part, and Cause Remanded*

**WILLAMOWSKI and SHAW, J.J., concur.**
**/jnc**