[Cite as *State v. Carnail*, 2011-Ohio-3464.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95580

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EYEN T. CARNAIL

DEFENDANT-APPELLANT

---

JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-372072

**BEFORE:** Stewart, J., Blackmon, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** July 14, 2011

ATTORNEYS FOR APPELLANT

Robert L. Tobik
Cuyahoga County Public Defender

BY:  John T. Martin
        Assistant Public Defender
310 Lakeside Avenue, Suite 400
Cleveland, OH    44113


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY:  Thorin O. Freeman
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113


MELODY J. STEWART, J.:

Appellant, Eyen T. Carnail, appeals from the court's denial of his successive motions

to withdraw guilty plea, originally made in November 1999, to two counts of rape in violation

of R.C. 2907.02. Appellant filed this motion in the trial court after a writ of mandamus was granted by the Ohio Supreme Court to compel the trial judge to resentence appellant concerning postrelease control. Appellant sought to withdraw his plea at resentencing on the grounds that the court failed to advise him that he would be subject to a mandatory term of postrelease control, and thereby failed to meet the requirements of Crim.R. 11. Appellant insists that this inaccuracy prevented his guilty plea from being knowingly, intelligently, and voluntarily entered.

Appellant additionally claims that he was not informed of potential fines and also contends that misinformation from counsel was the catalyst for entering the guilty plea, and alternatively asserts that an evidentiary hearing should have been held. The trial court denied the motion to withdraw guilty plea after finding the arguments and evidence before it to be not well founded. For the reasons that follow, we affirm.

This case has a protracted procedural history that we address as needed for resolution of this appeal.

As an initial matter, Carnail successfully moved to withdraw his guilty plea in the trial court prior to his earliest sentencing. Thereafter, he subsequently pled guilty after several pending motions to suppress were denied, and was consequently sentenced to two concurrent terms of ten years to life. Although Carnail was advised of postrelease control after the first

and before the second plea colloquy, the trial judge failed to include postrelease control requirements in the sentencing entry.

Afterward, appellant filed a motion to vacate sentence in the trial court due to ineffective assistance of counsel; this motion was denied by the trial court and affirmed by this court on appeal. *State v. Carnail* (Feb. 15, 2001), 8th Dist. No. 78143. Appellant then filed a direct appeal and in this instance asserted that his guilty pleas were involuntary because he did not understand the full implication of stipulating to the sexual predator classification, and also that the trial court did not have a factual basis for accepting the stipulation. This court again rejected appellant's claims and affirmed the trial court's judgment. *State v. Carnail* (Nov. 8, 2001), 8th Dist. No. 78921. Next, appellant filed in the trial court another motion to vacate sentence with an assignment of error claiming that, in accordance with *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, a jury, rather than the trial court, should have decided his punishment. That motion was denied and an appeal was taken. This court found the motion to be untimely and the trial court without jurisdiction to rule on the motion and we therefore affirmed. *State v. Carnail*, 8th Dist. No. 86539, 2006-Ohio-1246.

Appellant subsequently filed in this court a complaint in mandamus requesting an order requiring a new sentencing hearing or, in the alternative, to add postrelease control requirements to his sentence. *State ex rel. Carnail v. McCormick*, 8th Dist. No. 93524,

2009-Ohio-3884.   After we dismissed the complaint, Carnail appealed and the Ohio Supreme Court granted the writ of mandamus to compel the trial court to "issue a sentencing entry that complies with the postrelease-control provisions of R.C. 2967.28." *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110.

At the succeeding resentencing hearing and prior to resentencing, counsel for appellant advanced an oral motion to withdraw guilty plea.   Counsel articulated that the reasons in support of the motion were that appellant would not have pled guilty had he been informed of the mandatory nature of five years postrelease control and therefore the plea was not made knowingly, voluntarily, or intelligently.   Counsel further argued that incorrect instructions from previous counsel had resulted in the unavailability of material witnesses.   With this, the trial court delayed resentencing for two weeks to allow for a written motion to be filed.

At the ensuing hearing, the trial court heard arguments concerning the motion to withdraw guilty plea prior to imposition of the new sentence.   Appellant's counsel requested that the motion to vacate sentence be considered a presentence motion and that the sentencing proceed de novo under Crim.R. 32.1.   The trial court then received testimony from appellant, who declared that he was in possession of written affidavits from family and witnesses that would establish that previous counsel had erroneously advised his witnesses concerning times to be available for testimony, and that their unavailability was the motivation for his guilty

plea.   Appellant did not submit any evidentiary documents or any other tangible evidence to supplement his testimony.

The trial court concluded that the arguments in support of the successive motion to withdraw were not well founded and denied the motion.   Appellant was then resentenced after being duly advised of postrelease control.

Carnail's primary arguments on appeal are that his guilty pleas were not voluntarily, knowingly, and intelligently entered since the trial court's plea colloquy failed to adequately advise about postrelease control and also insufficiently discussed applicable fines. Additionally, Carnail asserts that he should be permitted to withdraw his guilty plea because it was based on misinformation from counsel and, in the alternative, an evidentiary hearing should have been conducted in conjunction with the motion.

Conversely, the state primarily argues that res judicata bars appellant from raising the legitimacy of his guilty plea in a successor motion to vacate the plea, or alternatively, that appellant cannot show prejudice and/or his claims lack candor.

Procedural mandates pertaining to motions to withdraw guilty pleas are unequivocal. Crim.R. 32.1 governs the withdrawal of guilty pleas and declares: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."   In order for a plea to be made knowingly and

voluntarily, a trial court must adhere to the mandates of Crim.R. 11, which provides that a court must determine: "(C)(2)(a) *** that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

Ample compliance with Crim.R. 11 by a trial court ensures that a defendant enters a guilty plea knowingly, intelligently, and voluntarily. "With respect to nonconstitutional rights, a guilty plea will be considered knowing, intelligent, and voluntary if, before accepting the plea, the trial court substantially complied with the procedures set forth in Crim.R. 11." *State v. Nero* (1990), 56 Ohio St.3d 106, 564 N.E.2d 474. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. "The test is whether the plea would have otherwise been made." Id. "If a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal." *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224.

Prior to July 11, 2006, when a trial court failed to properly impose postrelease control in a criminal sentence, the trial court was required to vacate the sentence and conduct a de novo sentencing hearing. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. However, the supreme court in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, has since decided that only the offending part of the sentence be set aside. "When a defendant receives a sentence that does not properly include postrelease control, the defendant's entire sentence is no longer vacated; rather, just the 'offending portion of the sentence is subject to review and correction.'" Id. at ¶27. The defendant does not have to be put in the same "position [he or she] would have been in had there been no sentence." *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶13. It rationally follows then that a defendant's entire sentence is not null and void, only the offending part. *State v. Bell*, 8th Dist. No. 95719, 2011-Ohio-1965. Hence, "a Crim.R. 32.1 motion to withdraw a plea filed after a defendant has been sentenced — without the proper postrelease control — is a postsentence motion that must meet the stricter manifest injustice standard." Id.

Consequently, Carnail's assertion that his guilty plea should be treated as a presentence motion and therefore be liberally granted is contrary to applicable case law. In this instance, the trial court's partial, as opposed to de novo, resentencing was proper since appellant's motion to withdraw was properly construed as a postsentence motion that, if not barred by the

doctrine of res judicata, must meet a strict manifest injustice standard. Our reading of the record supports the conclusion that appellant does not arrive at this lofty bar. The record, as well as the totality of the circumstances, indicates that appellant's plea bargain was voluntarily made to avoid going to trial on additional charges. Moreover, appellant makes no showing that he was prejudicially affected by the trial court's failure to precisely comply with Crim.R. 11. In fact, the trial court substantially complied with Crim.R. 11 when accepting appellant's second guilty plea because appellant had actual notice, given at the initial plea colloquy, that postrelease control was a mandatory part of his sentence.

Furthermore, the wording in the writ of mandamus was unequivocal when it compelled the trial court judge "to issue a sentencing entry that complies with the postrelease-control provisions of R.C. 2967.28." *State ex rel. Carnail*, at ¶39. The explicit language utilized by the court in the writ indicates that the singular purpose of the issuance of the writ was for resentencing to impose a postrelease control term of five years. The trial court's subsequent sentencing hearing in turn properly conformed with the mandates of the writ.

Moreover, since appellant previously raised in a direct appeal the issues presented in his motion to withdraw sentence, the doctrine of res judicata precludes him from again raising the same issues. As a result, the trial court was without jurisdiction to grant the motion.

"[T]his court has consistently recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised

or could have been raised on direct appeal." See, e.g., *State v. Johns*, 8th Dist. No. 92627, 2010-Ohio-68; *State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374. "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.

Additionally, "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 378 N.E.2d 162.

In this instance, the trial court's rejection of Carnail's first motion to withdraw his guilty plea was an adjudication on the merits of his claim and operated as res judicata to bar the succeeding motions. Thereafter, an appeal from the original judgment was taken and this court affirmed the judgment of the trial court. Subsequent motions filed by Carnail were

largely redundant, based upon the same nexus of facts, and sought the same relief as the initial motion to withdraw plea.

The complaint by appellant that an evidentiary hearing should have been conducted is furthermore without merit.   Appellant, prior to resentencing, proffered only oral testimony to demonstrate that the guilty plea was made based on erroneous advice from counsel.   No evidentiary documents or affidavits to bolster his claims were presented.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.   A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
____
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR