[Cite as *State v. Grady*, 2011-Ohio-5503.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### Nos.   96523, 96524, and 96525

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEMETRIUS GRADY

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-378708, CR-363870, and CR-378707

**BEFORE:**   E. Gallagher, J., S. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   October 27, 2011

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Katherine Mullin
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


EILEEN A. GALLAGHER, J.:

{¶ 1}  This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶ 2}  Demetrius Grady appeals from the trial court's denial of his motion to withdraw his guilty pleas.  Grady argues that the trial court erred in denying his motion to withdraw his guilty pleas because he was not informed of the postrelease control requirements and the potential penalties for violating postrelease control.  For the following reasons, we affirm the decision of the trial court.

{¶ 3}  Cuyahoga County grand juries indicted Grady on several criminal cases in

1998 and 1999. As part of a plea agreement with the state, Grady pleaded guilty to felonious assault with a gun specification (CR-363870); drug possession and failure to comply with the order of a police officer (CR-364232); drug possession (CR-377606); felonious assault with peace officer and firearm specifications (CR-378707); and felonious assault (CR-378708). The trial court sentenced Grady to a total of 15 years of incarceration.[1] Grady did not appeal his conviction or sentence.

{¶ 4} The sentencing entries neglected to impose any period of postrelease control. After learning that he would be resentenced to correct this error, Grady filed a motion to withdraw his guilty pleas in all five cases on April 23, 2009. At the May 27, 2009 resentencing hearing, the trial court imposed Grady's original sentence and added five years of postrelease control in all five cases. The court orally denied Grady's motion to withdraw his pleas, finding it to be untimely. See *State v. Grady*, Cuyahoga App. No. 93548, 2010-Ohio-4667.

{¶ 5} Grady appealed, challenging the denial of his motion to withdraw his guilty pleas and the imposition of five years of postrelease control on each of his cases. This court could not address any assigned error relating to Grady's motion to withdraw his guilty pleas because it determined that there was no final, appealable order that

---

[1]Grady's prison sentence consisted of four years in CR-363870; one year in CR-364232; one year in CR-377606; eight years in CR-378707; and three years in CR-378708. The four, eight, and three-year sentences were imposed consecutively to each other, but concurrently to the remaining terms of incarceration. The sentences in case numbers CR-364232 and CR-377606 have long ago been completed and are not part of this appeal.

denied his motion. See *Grady.* More specifically, because no journal entry reflected the denial of Grady's motion to withdraw his guilty pleas, there was no final appealable order. Id. Additionally, this court found error with the trial court's imposition of five years of postrelease control on all but case CR-378707, finding the sentences contrary to law. Id. As such, this court dismissed in part, reversed in part, and remanded the matter for further proceedings. Id.

{¶ 6} On remand, the trial court correctly advised Grady of the following terms of postrelease control: CR-363870 and CR-378708: mandatory postrelease control of three years; CR-364232 and CR-377606: discretionary postrelease control of three years, sentence has been served, sentence expired. Additionally, on February 10, 2011, the trial court denied Grady's motion to withdraw his guilty pleas, finding that his motion was barred by the doctrine of res judicata and that Grady failed to show prejudice.

{¶ 7} Grady appeals, raising a single assignment of error:

"The trial court erred, in violation of Defendant's right to Due Process of Law under the 14th Amendment to the United States Constitution, in denying Defendant's Motion to Withdraw his plea."

{¶ 8} "In *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, the Ohio Supreme Court held that a motion to withdraw a guilty plea filed after the imposition of a void sentence must be considered as a presentence motion under Crim.R. 32.1 and be freely and liberally granted. [In *Boswell,*] the court remanded the matter to the trial court to ensure the consideration of the motion to withdraw as a presentence

motion. However, the court did not address the impact of res judicata on issues raised in such a motion." *State v. Fountain*, Cuyahoga App. Nos. 92772 and 92874, 2010-Ohio-1202.

{¶ 9} In *Fountain*, this court determined that a defendant's failure to raise the issue of postrelease control on direct appeal barred the raising of the issue in a subsequent motion to withdraw a guilty plea. In determining that the doctrine of res judicata applied, the court explained:

> "It is well recognized that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221. Consistent therewith, this court has consistently recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised or could have been raised in a prior proceeding, including a direct appeal. *State v. McGee*, Cuyahoga App. No. 91638, 2009-Ohio-3374; *State v. Pickens*, Cuyahoga App. No. 91924, 2009-Ohio-1791; *State v. Gaston*, Cuyahoga App. No. 82628, 2003-Ohio-5825; see, also, *State v. Coats*, Mercer App. Nos. 10-09-04 and 10-09-05, 2009-Ohio-3534. Indeed, the right to withdraw a plea is not absolute. *Coats*, supra. Applying these same principles, we find that the application of res judicata to a motion to withdraw is not impacted by a void sentence. *Coats,* supra; *McGee*, supra."

See, also, *State v. Bell*, Cuyahoga App. No. 95719, 2011-Ohio-1965.

{¶ 10} In this matter, Grady contends that his plea was not voluntary because the trial court failed to inform him of postrelease control requirements and potential penalties for violations of postrelease control. However, Grady could have raised that issue on direct appeal; an action he chose not to undertake. Grady first raised this issue years after the imposition of his sentence and well after the time for a direct appeal had

expired. Therefore, in accordance with *Bell,* and *Fountain*, Grady's motion is barred by res judicata and we overrule his sole assignment of error.

{¶ 11} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR