[Cite as *State v. Poole*, 2012-Ohio-2622.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96921

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LARRY POOLE

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-418372

**BEFORE:** Jones, P.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 14, 2012

**FOR APPELLANT**

Larry Poole, pro se
Inmate #432-273
Lake Erie Correctional Institution
501 Thompson Road
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: James M. Price
       Matthew E. Meyer
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Larry Poole, pro se, appeals the denial of his motion to withdraw his plea and reduce his sentence. We affirm in part and remand.

## I. Procedural History and Facts

{¶2} In January 2002, Poole was charged with three counts of aggravated robbery, three counts of felonious assault, one count of attempted murder, and two counts of ethnic intimidation. In May 2002, Poole pleaded guilty to three counts of aggravated robbery in exchange for the remaining counts of the indictment being dismissed. As part of the plea agreement, Poole and the state agreed to a seven-year sentence.

{¶3} The state wished to immediately proceed to sentencing after Poole's plea, but at Poole's request, the trial court set sentencing for June 3, 2002, to allow Poole a "period of time to get [his] affairs in order." The court admonished Poole that if he failed to appear for sentencing it would "disregard the seven-year sentence and * * * impose whatever sentence [it felt was] appropriate * * *." Poole failed to appear for the June 3 sentencing hearing. Sentencing was reset for July 1, 2002.

{¶4} Although Poole was represented by counsel throughout the trial court proceedings, on June 19, 2002, he filed a pro se motion to withdraw his plea. At the July 1 sentencing hearing, Poole's counsel withdrew the motion. The trial court sentenced Poole to five years on each of the three first degree felony counts, to run consecutively, for a 15-year sentence. Poole filed no direct appeal. His delayed appeal was dismissed in 2004. *State v. Poole*, 8th Dist. No. 85277. The Ohio Supreme Court

also denied Poole a delayed appeal in 2006.

{¶5} Poole filed several motions seeking to withdraw his plea or seeking a reduction in the sentence; all the motions were denied. Poole appeals from the latest denial of his motion to withdraw his plea and raises the following two assignments of error for our review:

> [I.] Mr. Poole is entitled to a *de novo* plea hearing pursuant to the mandatory requirement of Crim.R. 11(C). (Emphasis sic.)

> [II.] Mr. Poole is entitled to a new sentencing hearing pursuant to R.C. 2941.25, R.C. 2929.11-14.

## II. Law and Analysis

### A. The Plea

{¶6} Poole challenges his plea on several grounds. First, he contends that "[w]ithout proper hearing on the [June 19, 2002] motion to withdraw his plea, [the] trial court proceeded to sentencing." Poole also contends that, prior to sentencing, the trial court should have inquired of him as to whether he wished to proceed with the plea agreement in light of the court's intention to no longer adopt the parties' agreed sentencing recommendation.

{¶7} Poole's contentions are barred by the doctrine of res judicata. Under the doctrine, claims that were raised or could have been raised on direct appeal are barred in subsequent proceedings. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6. This court has recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised or could have been raised in a

prior proceeding, including a direct appeal. *State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374, ¶ 9; *State v. Pickens*, 8th Dist. No. 91924, 2009-Ohio-1791, ¶ 5; *State v. Gaston*, 8th Dist. No. 82628, 2003-Ohio-5825, ¶8.

{¶8} Poole did not file a direct appeal after his plea and sentencing. His delayed appeal was dismissed in 2004, and the Ohio Supreme Court denied him a delayed appeal in 2006. The above-mentioned arguments are, therefore, barred under res judicata.

{¶9} Poole also contends that the trial court failed to inform him of the maximum penalty he could receive. Specifically, Poole contends that the trial court did not adequately inform him about postrelease control because the journal entry stated an unspecified period.

{¶10} Crim.R. 11(C)(2)(a) requires a trial court at the time of a defendant's plea to advise the defendant of any mandatory postrelease control period. *State v. Perry*, 8th Dist. No. 82085, 2003-Ohio-6344, ¶ 11. Specifically, Crim.R. 11(C)(2)(a) requires the trial court to determine that the defendant understands "the maximum penalty involved." This court has previously explained: "'[P]ost-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of post-release control from the trial court, appellant could not fully understand the consequences of his plea as required by Crim.R. 11(C).'" *State v. Griffin*, 8th Dist. No. 83724, 2004-Ohio-4344, ¶ 13, quoting *State v. Jones*, 8th Dist. No. 77657, 2001 WL 605406 (May 24, 2001).

{¶11} At the plea hearing, the trial court informed Poole that, "[u]pon release from

prison you will be subject to up to five years of post release control by the adult Parole Board. Any misbehavior while under this supervision could lead to further incarceration[.]" At sentencing, the trial court informed Poole that postrelease control was "required in this case for up to five years * * *." The sentencing entry provided that postrelease control is a part of the prison sentence for the "maximum period allowed for the [felonies] under R.C. 2967.28." Under R.C. 2967.28, Poole's plea to felonies of the first degree subjected him to a mandatory five years of postrelease control.

{¶12} In *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, the Ohio Supreme Court addressed the effect of a trial court's errors in informing a defendant about postrelease control prior to accepting his plea. The court made a distinction between a complete omission, as opposed to misinforming a defendant about the length of postrelease control or whether it was discretionary or mandatory. *Id.* at ¶ 22. If the trial court completely failed to advise the defendant at his plea that postrelease control would be part of his sentence, then the court failed to comply with Crim.R. 11 and the plea must be vacated. *Id.* at ¶ 22, 25.

{¶13} On the other hand, if the trial court misinformed the defendant about the nature of postrelease control, the defendant "may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal." *Id.* at ¶ 25. In such an instance, the reviewing court will determine whether the trial court substantially complied with the postrelease control advisement. *Id.* at ¶ 22.

**{¶14}** The *Sarkozy* court explained substantial compliance as follows:

[F]ailure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. The test for prejudice is "whether the plea would have otherwise been made." Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea].

*Id.* at ¶ 20.

**{¶15}** Upon review, we find that the trial court substantially complied with the requirement that Poole be advised of postrelease control sanctions. Specifically, we find that, under the totality of the circumstances, Poole subjectively understood the effect of his plea. Moreover, Poole has failed to demonstrate prejudice, i.e., that had he been properly advised about postrelease control at his plea hearing, he would not have entered the plea.

**{¶16}** Poole filed three pro se motions to withdraw his plea at the trial court level. The first one, which was withdrawn by counsel, was a pre-printed form and stated that Poole wished to withdraw his plea because it was "entered without advice of counsel and without understanding the nature of the charge, effect of the plea, or his rights in the proceedings * * *."

**{¶17}** The second motion sought withdrawal based on Poole's contention that the trial court erred in his sentence. And the third motion addressed the trial court's postrelease control notification at the plea, but did not contain any allegation that Poole would not have entered his plea had he been properly advised about postrelease control. Moreover, even now on appeal, Poole has not alleged that he would not have entered the

plea had he been properly advised about postrelease control.

{¶18} On this record, Poole has failed to demonstrate that he was prejudiced by the trial court's advisement at his plea about postrelease control. As such, his first assignment of error is overruled.

B. The Sentence

{¶19} For his second assigned error, Poole contends that he is entitled to a new sentencing hearing because (1) the three aggravated robbery convictions should have merged; (2) the record was "woefully inadequate to support the 15-years consecutive term of incarceration"; (3) a presentence report needed to be completed to place him under postrelease control and to impose consecutive sentences; (4) the trial court "failed to follow the overriding purposes of sentencing found in R.C. 2929.11 and 2929.12"; and (5) the trial court "failed to articulate how the aggregate sentence * * * was consistent with sentences imposed on Poole's co-defendant and other similar crimes [committed] by similar offenders pursuant to R.C. 2929.11(B)."

{¶20} All of these arguments could have been raised on direct appeal; therefore, they are barred under the doctrine of res judicata.

{¶21} Finally, we address the issue of the court's notification to Poole in its journal entry about postrelease control. The journal entry referenced an unspecified period of postrelease control, stating that postrelease control was a part of the prison sentence for the "maximum period allowed * * *." The Ohio Supreme Court has recently held that "[w]hen a defendant is notified about postrelease control at the

sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing." *State v. Qualls*, _____ Ohio St.3d _____, 2012-Ohio-1111, ___ N.E. 2d_____ , syllabus. In accordance with *Qualls*, we remand only for the trial court to correct its journal entry regarding postrelease control with a nunc pro tunc entry so that the court's entry speaks the truth. *See State v. Davis*, 8th Dist. No. 95440, 2011-Ohio-2526, citing *State v. Spears*, 8th Dist. No. 94089, 2010-Ohio-2229.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR