[Cite as *State v. Gilmore*, 2012-Ohio-3962.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97884**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CHRISTOPHER GILMORE

DEFENDANT-APPELLANT

# JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-520561 and CR-521758

**BEFORE:** Celebrezze, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**FOR APPELLANT**

Christopher Gilmore, pro se
Inmate No. 573-466
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    James M. Price
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Christopher Gilmore, seeks to reverse the trial court's denial of his motion to withdraw his guilty pleas in two cases. Appellant argues that the trial court erred in denying his motion without a hearing, that counsel was ineffective, and that his indictment was defective. After a thorough review of the record and law, we affirm the trial court's decision.

## I. Factual and Procedural History

{¶2} On February 4, 2009, appellant was indicted in CR-520561 on three counts of rape with sexually violent predator specifications, three counts of kidnapping with sexual motivation and sexually violent predator specifications, and one count of aggravated robbery. Those charges stem from an incident that occurred on December 10, 2008.

{¶3} On March 13, 2009, appellant was also indicted in CR-521758 on one count of intimidation of a crime victim or witness, two counts of intimidation by stalking, and one count of telecommunications harassment. Those charges stem from incidents that occurred on February 1 and 2, 2009.

{¶4} On July 2, 2009, the state moved to join the two cases, but appellant changed his pleas in these cases before a decision on joinder was reached by the trial court. On September 3, 2009, as part of a plea agreement with the state, appellant pled guilty in CR-520561 to one count of sexual battery, in violation of R.C. 2907.03, a third-degree

felony, without a sexually violent predator specification,[1] and the remaining counts were dismissed. In CR-521758, appellant pled guilty to one count of intimidation of a crime victim or witness, in violation of R.C. 2921.04(B), a third-degree felony, and the remaining counts were dismissed.

{¶5} After a presentence investigation report was completed and reviewed by the trial court, appellant was sentenced on September 25, 2009, to an aggregate prison term of seven years: five years for sexual battery in CR-520561, to be served consecutively to two years for intimidation in CR-521758. Appellant was also advised that five years of postrelease control was applicable in CR-520561 and three years in CR-521758. However, the statement on postrelease control in the journal entry did not include an advisement of the possible penalties that could result from a violation of conditions of postrelease control. The sentencing entry in CR-520561 also included reference to a sexually violent predator specification. Appellant did not perfect a timely appeal challenging these two errors.

{¶6} On March 26, 2010, the trial court issued a nunc pro tunc sentencing entry in CR-520561 that redacted the reference to the sexually violent predator specification and reflected proper notification of postrelease control. The plea entry was also corrected to delete the sexually violent predator specification. Appellant then, without leave to file a

---

[1] The trial court's entry documenting appellant's change of plea hearing indicated that appellant also pled guilty to the sexually violent predator specification.

delayed appeal, sought to appeal his conviction and sentence on September 23, 2010, which this court dismissed on September 29, 2010.

**{¶7}** Appellant filed a "Motion to Vacate Payment of Fines, Court Costs, and Restitution Requirements" on August 12, 2011.  The trial court denied this motion on August 28, 2011, and appellant did not appeal that decision.

**{¶8}** Appellant next filed a motion to withdraw his pleas with the trial court in both cases on September 8, 2011.  Therein he argued violations of his right to a speedy trial, ineffective assistance of counsel, prosecutorial misconduct during the grand jury proceedings, and that his indictments in his two criminal cases were carbon copies of each other.  The trial court denied this motion without hearing on December 28, 2011. Appellant then timely appealed, pro se, to this court for review.

## II.   Law and Analysis

**{¶9}**   On appeal appellant presents five errors:

I. Carbon copy indictments violate appellant's Fifth and Sixth Amendment, U.S. Constitution: Section 10, Article I, Ohio Constitution.

II.   The trial court failure to comply with Criminal Rule 23(C) of the Ohio Rules of Criminal Procedure violated his substantial rights in not providing the time stamp of the clerk to indicate journalization.

III.   Denial was improper because the state failed to grant hearing and denying procedural due process when not issuing findings of fact and conclusions of law.
IV.   Appellant was denied effective assistance of counsel pursuant to Sixth Amendment, U.S. Constitution: Section 10, Article I, Ohio Constitution in agreed plea misrepresenting the facts, but for this the outcome would have been different.

V. Denial was improper because petition was supported with evidentiary materials warranting a hearing.

{¶10} Appellant's assigned errors can be grouped into two categories — those challenging the denial of his motion based on its content and those challenging the procedure afforded by the trial court. The first category of errors are barred by the doctrine of res judicata, and the second category of errors are inapposite as a result.

A. Manifest Injustice Standard

{¶11} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶12} Although appellant argues that his motion should be treated as a presentence motion to withdraw, it came long after a valid sentence was imposed. Therefore, it is a postsentence motion requiring appellant to demonstrate a manifest injustice necessitating withdrawal. "'Manifest injustice is a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.'" *State v. Beasley*, 8th Dist. No. 96806, 2011-Ohio-6650, ¶ 5, quoting *State v. Cottrell*, 8th Dist. No. 95053, 2010-Ohio-5254, ¶ 15.

B. Motion to Withdraw Plea and Res Judicata

{¶13} In appellant's first and fourth assignments of error, he sets forth the grounds in his motion to withdraw his guilty pleas and why these issues necessitate withdrawal.

In his second assignment of error, appellant argues that the trial court erred in finding him guilty of the sexually violent predator specification in the journal entries when one was not actually included in the plea agreement, the plea hearing, or at sentencing; or his sentence was improper because the sentencing entry did not dispose of all charges against him. These are not reasons demonstrating why appellant should be permitted to withdraw his plea.

{¶14} The inclusion of the sexually violent predator specification was a clerical error the trial court cleared up with a nunc pro tunc entry.

> Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided

*State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13. Further, "[a] nunc pro tunc entry cannot go beyond correcting a clerical error * * *." *State v. Qualls*, 131 Ohio St. 3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 26. Here, there is no evidence the trial court improperly used the nunc pro tunc tool to correct the journal entries in this case.

{¶15} Appellant's arguments surrounding defects in his indictments, ineffective assistance of counsel, and certain errors in the journal entries are also barred by the doctrine of res judicata.

> Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could

have been raised at trial or on appeal. See *State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374, ¶ 9; *State v. Totten*, 10th App. No. 05AP-278 and 05AP-508, 2005-Ohio-6210, ¶ 7 (collecting cases).

*State v. Ketterer*, 126 Ohio St. 3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

{¶16} Appellant failed to timely appeal from his convictions in this case, and this court dismissed the untimely appeal that he had filed in 2010. Appellant has waived his right to challenge anything that he could have raised in that appeal. "[E]xceptions to res judicata apply to void judgments or to claims that are supported by evidence outside the record." *State v. Britford*, 10th Dist. No. 11AP-646, 2012-Ohio-1966, ¶ 8. However, no such exception applies here.

{¶17} Appellant first argues that his indictments are "carbon copy" indictments prohibited by the United States and Ohio constitutions. His indictments in the two underlying criminal cases are not identical in any way. They are not "carbon copy" indictments as he claims. Further, these supposed errors were known at the time of appellant's convictions and should have been appealed to this court at that time.

{¶18} Similarly, appellant's claims of ineffective assistance of counsel relate to trial counsel's performance in failing to present sufficient mitigating evidence, failing to object to the imposition of court costs, and failing to raise speedy trial issues. These were all known at the time appellant could have perfected a timely appeal, and present nothing new that would necessitate a hearing on the motion to withdraw his pleas. They also do not demonstrate a manifest injustice. The only issue that arguably could provide a means of satisfying this standard is the ineffective assistance based on speedy trial

grounds, but appellant presents nothing to support this allegation. Further, appellant's guilty plea waives that issue. *State v. Mayle*, 5th Dist. No. CA 07-3, 2008-Ohio-286, ¶ 39, citing *State v. Barnett*, 73 Ohio App.3d 244, 249, 596 N.E.2d 1101 (2d Dist.1991); *State v. Farley*, 5th Dist. No. 98-CA-25, 1999 Ohio App. LEXIS 2035 (May 5, 1999); *State v. Johnson*, 8th Dist. No. 61904, 1993 Ohio App. LEXIS 1263 (Mar. 4, 1993).

{¶19} Appellant's argument that res judicata does not apply because his sentence is void is incorrect. *Ketterer* at ¶ 63. Appellant's sentencing entries were properly reformed to reflect a valid sentence with the proper imposition of postrelease control. *See Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, at the syllabus ("When a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing").

{¶20} Appellant's argument that his sentence is void because the prison term imposed was beyond that allowed for the convicted offenses is also incorrect. A third-degree felony offense was punishable by a prison term up to five years in length. Former R.C. 2929.14(A)(3). Appellant's sentence consisted of one five-year sentence and one two-year sentence, to be served consecutively to one another. Further, even if the sentence was contrary to law, that does not mean it is void, but voidable. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923. "In contrast to a void judgment, res judicata applies to a voidable judgment." *State v. Gibson*, 8th Dist. No.

96117, 2011-Ohio-3074, ¶ 28, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30 ("res judicata applies to a voidable sentence and may operate to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence").

{¶21} Appellant's sentence was not void, and res judicata bars consideration of the alleged errors that were not properly raised in a timely appeal. Therefore, res judicata acts to bar appellant's attempted use of a motion to withdraw a plea as a substitute for a timely appeal. Appellant's first, second, and fourth assignments of error are overruled.

C. Denial of a Motion to Withdraw Guilty Pleas

{¶22} In his third and fifth assignments of error, appellant argues the trial court erred when it denied his motion without a hearing and without issuing findings of fact and conclusions of law.

{¶23} "A trial court is not required to hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea, except when the facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea was allowed to stand." *Britford*, 10th Dist. No. 11AP-646, 2012-Ohio-1966, ¶ 12. The trial court did not need to hold a hearing on appellant's motion when his claims were barred by res judicata and were unsupported. *State v. Carnail*, 8th Dist. No. 95580, 2011-Ohio-3464, *11-12. Also, a trial court does not have to issue findings of fact and conclusions of law when denying a motion to withdraw a guilty plea. *State ex rel. Molton v. Matia*, 8th Dist. No. 83661, 2003-Ohio-6630, ¶ 3.

**{¶24}** Therefore, the trial court did not err in denying appellant's motion without a hearing and without issuing findings where appellant demonstrated no probability of success. Appellant's third and fifth assignments of error are overruled.

### III. Conclusion

**{¶25}** Appellant's motion to withdraw his guilty plea does not begin to satisfy the requirements of demonstrating a manifest injustice regarding his pleas. All of his stated reasons deal with issues relating to claimed procedural errors the trial court made when imposing sentence or his trial counsel's perceived failings during the plea and sentencing stages. These are barred by res judicata. Accordingly, the trial court did not err in denying appellant's motion.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR