[Cite as *State v. King*, 2012-Ohio-5895.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98400**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SIDNEY KING

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-533345

**BEFORE:** S. Gallagher, J., Blackmon, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 13, 2012

**FOR APPELLANT**

Sidney King, pro se
Inmate No. 582-725
Mansfield Correctional Institution
1150 North Main Street
Mansfield, OH   44903

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: John Hanley
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of the parties. Appellant, Sidney King, appeals from the decision of the Cuyahoga County Court of Common Pleas that denied his pro se motion for resentencing. For the reasons stated herein, we affirm.

**{¶2}** King was indicted on multiple counts on January 29, 2010. He pleaded guilty to one count each of felonious assault with a three-year firearm specification and a forfeiture specification, domestic violence, having a weapon while under disability with a forfeiture specification, endangering children, and resisting arrest with a forfeiture specification. On or about March 22, 2010, the trial court sentenced King to a total prison term of 14 years with five years of mandatory postrelease control, and the court ordered King to forfeit a revolver. King did not file a direct appeal.

**{¶3}** On May 10, 2012, King filed a pro se motion for resentencing. The trial court denied the motion, and King filed this appeal.

**{¶4}** King raises one assignment of error that claims his constitutional rights were violated because the trial court failed to consider whether his sentence was consistent with sentences imposed for similar crimes committed by similar offenders. Because King has forfeited his ability to raise this issue, we must reject his challenge.

**{¶5}** Initially, we find that King's challenge is barred by res judicata. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Because King could have raised the issue on direct appeal, but failed to do so, res judicata bars him from raising this challenge more than two years after his sentence was imposed. *See State v. Gilmore*, 8th Dist. No. 97884, 2012-Ohio-3962, ¶ 20-21; *State v. Poole*, 8th Dist. No. 96921, 2012-Ohio-2622, ¶ 20.

**{¶6}** Furthermore, this court has recognized that in order to preserve a proportionality or consistency challenge for appeal, a defendant must raise the issue and present some evidence about similar offenders and their sentences to the trial court. *State v. Wilson*, 8th Dist. No. 97657, 2012-Ohio-4153, ¶ 15. Because no transcript has been provided on appeal, we must presume regularity in the proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Moreover, there is nothing to indicate that King raised the issue or presented any evidence about similar offenders and their sentences to the trial court. As a result, King failed to preserve the issue for review and we must overrule King's sole assignment of error.

**{¶7}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR