[Cite as *State v. Totty*, 2014-Ohio-3239.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100788**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JASON TOTTY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-11-546751-B, CR-12-562375-A,
CR-13-570986-A and CR-13-574821-A

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 24, 2014

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: James M. Price
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

**ALSO LISTED:**

Jason Totty
Inmate No. A650647
Belmont Correctional Institution
68518 Bannock Uniontown Road
St. Clairsville, Ohio 43950

EILEEN A. GALLAGHER, P.J.:

{¶1} Appellant Jason Totty ("Totty") appeals his convictions from the Cuyahoga County Court of Common Pleas.

{¶2} Totty's attorney filed an *Anders* brief and seeks to withdraw as counsel. Totty has not filed a brief setting forth any assignments of error.

{¶3} After a thorough review of the record, we affirm the judgment of the trial court and grant counsel's motion to withdraw.

{¶4} Appellant was charged with crimes that occurred over a 28-month period in four separate cases with multiple-count indictments. He entered pleas of guilty to an amended charge in Count 2 of aggravated robbery with a one year firearm specification and a forfeiture specification in CR-11-546751; having a weapon while under disability with a forfeiture specification in CR-12-562375; burglary as amended in CR-13-570986 and robbery with a one year firearm specification and a forfeiture specification as amended in Count 2 of CR-13-574821. Both counsel agreed that none of these charges would be subject to merger.

{¶5} Appellant was thoroughly advised of his constitutional rights, the potential penalties and the provisions of postrelease control prior to his pleas. He was then referred for a presentence investigation report.

{¶6} The matter was called for sentencing during which time Totty expressed his feeling that he was not "comfortable with this plea" and claimed to be innocent of the charges. He did not, however, specifically seek to withdraw his pleas. At that time,

the trial court explored the issue and, ultimately, the appellant stated "[y]our honor, I accept the plea."

**{¶7}** Sentence was then imposed in each case with all sentences, but for the firearm specifications, to be served concurrent to one another for an aggregate sentence of five years. The court then reiterated the mandatory postrelease control provisions of five years in CR-11-546751, three years in CR-13-570986 and CR-13-574821 and a discretionary three years postrelease control term in CR-12-562375.

**{¶8}** Based upon the belief that no prejudicial error occurred below and that any grounds for appeal would be wholly frivolous, Totty's counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *Anders* and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by counsel who desires to withdraw due to the lack of a non-frivolous claim on appeal. In *Anders*, the United States Supreme Court held that, if after a conscientious examination of the case, counsel determines the appeal to be wholly frivolous, he may advise the court and request permission to withdraw. *Anders* at 744. That request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.*

**{¶9}** Counsel must also furnish the client with a copy of the brief and the request to withdraw and allow the client sufficient time to raise any matters that he chooses. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceeding held below to determine if the appeal is indeed frivolous.

*Id.* If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

{¶10} Totty's counsel, in his no-merit brief, identified the following potential assignments of error: Totty was not advised of his Crim.R. 11 rights at the time of his guilty pleas, Totty was improperly sentenced, Totty's offenses were allied and should have merged, Totty was not advised about the imposition of postrelease control, Totty was not advised concerning fines and court costs, Totty was not informed of the forfeiture of property prior to his plea and Totty stated that he was reluctant to go forward with his guilty pleas.

### I. Crim.R. 11

{¶11} Crim.R. 11 requires that a defendant be apprised of his rights before entering a guilty plea in order to ensure that those rights being waived by his guilty plea are being waived knowingly, intelligently, and voluntarily.

{¶12} Totty was advised of each of his constitutional rights and further advised that there was a presumption of prison time with respect to the aggravated robbery charge and that the one-year gun specification sentences must be served consecutively to any other sentences imposed. Further, Totty stated that he was satisfied with his counsel's representation. We find no merit to this potential assignment of error.

### II. Forfeiture

{¶13} When a defendant voluntarily enters into a plea agreement, he voluntarily

agrees to the forfeiture of seized property. *State v. Eppinger*, 8th Dist. Cuyahoga No. 95685, 2011-Ohio-2404, ¶ 11.

{¶14} Totty voluntarily entered into this plea agreement. He was advised that he would forfeit seized property as part of the plea bargain. Therefore, Totty voluntarily agreed to the forfeiture of seized property, and we find no merit to this potential assignment of error.

### III. Totty's Stated Reluctance to Change His Plea

{¶15} During the sentencing hearing, appellant indicated that he was reluctant to go forward. He stated that he had been fighting one of the charges for three years "for a reason" and that he "had nothing to do with that * * *. "

{¶16} The trial court responded to this properly, questioning Totty as to his willingness to enter into a plea at all, and having Totty confer with counsel. After conferring with counsel, Totty stated that he accepted the plea and then once again stated that he was willing to go forward with the proceedings. Therefore, Totty's guilty plea was knowing, intelligent, and voluntary, and we find no merit to this potential assignment of error.

### IV. Postrelease Control

{¶17} Crim.R. 11(C)(2)(a) requires a trial court, at the time of a defendant's plea, to advise the defendant of any mandatory postrelease control period. *State v. Poole*, 8th Dist. Cuyahoga No. 96921, 2012-Ohio-2622, ¶ 10, citing *State v. Perry*, 8th Dist. Cuyahoga No. 82085, 2003-Ohio-6344, ¶ 11. Totty was advised that he would be subject

to a mandatory five years of postrelease control in one case, mandatory three years of postrelease control in two cases and the possibility of three years of postrelease control in the fourth case. He was advised of the conditions of postrelease control as well as the penalties for violation of that control. Therefore, we find no merit to this potential assignment of error.

**V. Sentencing**

**{¶18}** This court no longer applies the abuse of discretion standard of *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, when reviewing a felony sentence. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7. Instead, we follow the standard of review set forth in R.C. 2953.08(G)(2), which provides in relevant part:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

**{¶19}** A sentence is not clearly and convincingly contrary to law where the trial

court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control and sentences a defendant within the permissible statutory range. *A.H.* at ¶ 10, citing *Kalish*.

**{¶20}** The record in this case reflects that the trial court did, in fact, consider R.C. 2929.11 in sentencing appellant. The trial court's November 19, 2013 journal entry clearly indicates that the court considered "all required factors of law." Furthermore, the sentencing transcript reflects that the trial court specifically considered the principles and purposes of felony sentencing found in R.C. 2929.11. Appellant's potential argument that the trial court failed to consider R.C. 2929.11 is without merit.

**{¶21}** Totty was sentenced to a term of incarceration totaling five years. He was sentenced to the statutory minimum sentence for aggravated robbery, plus one year for the firearm. Totty's sentence for the charges of burglary, robbery, and having weapons while under disability were all ordered to be served concurrently to the sentence for aggravated robbery. The robbery charge carried a one-year gun specification that was ordered to be served consecutive to any other sentence, bringing the total to five years. His sentence being completely within the statutory mandates, we find no merit to this potential assignment of error.

### V. Allied Offenses

**{¶22}** Counsel, at the time of the plea, indicated that there was no issue of merger in these cases. In the journal entry of November 19, 2013, the trial court found that

there should be no merger of cases or counts. Because all counts occurred on separate dates and involved separate fact patterns and circumstances, we find no merit to this potential assignment of error.

### VI. Fines and Costs

**{¶23}** The trial court's journal entry of November 19, 2013, reflects that fines and court costs were waived; therefore, we find no merit to this potential assignment of error.

**{¶24}** In accordance with this court's duty under *Anders* to conduct an independent review of the entire record, we have found no potential assignment of error not raised by Totty's counsel. Therefore, any appeal would be wholly frivolous, and we grant the motion to withdraw.

**{¶25}** The judgment of the Cuyahoga County Court of Common Pleas is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER J., CONCUR