[Cite as *State v. Davis*, 2011-Ohio-2526.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95440**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES A. DAVIS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas

Case No. CR-428529

**BEFORE:** Celebrezze, P.J., Cooney, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 26, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY: Nathaniel McDonald
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY: Thorin O. Freeman
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ALSO LISTED:**

James A. Davis
Inmate No. 444-458
P.O. Box 8107
Richland Correctional Institution
Mansfield, Ohio   44901

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} James A. Davis ("appellant") appeals from the trial court's judgment granting the state's motion for nunc pro tunc entry filed on June 25, 2010. Finding no merit to the appeal, we affirm.

{¶ 2} On September 22, 2002, appellant was charged with one count of aggravated murder, a first degree felony in violation of R.C. 2903.01, with one- and three-year firearm specifications; and one count of tampering with evidence in violation of R.C. 2921.12.

{¶ 3} On April 17, 2003, appellant entered a plea of guilty to the amended charge of murder in violation of R.C. 2903.02. Pursuant to the plea agreement, the firearm specifications and the tampering with evidence charges were dismissed by the state in exchange for appellant's guilty plea. On April 28, 2003, appellant was sentenced to life in prison with the eligibility for parole after 15 years. The trial court did not mention postrelease control at the sentencing hearing; however, the sentencing journal entry filed on April 30, 2003 included postrelease control sanctions. The 2003 sentencing journal entry stated, in pertinent part:

{¶ 4} "THE COURT IMPOSES A PRISON TERM AT LORAIN CORRECTIONAL INSTITUTION OF 15 YEARS TO LIFE. CREDIT FOR TIME SERVED. POSTRELEASE CONTROL IS A PART OF THIS PRISON SENTENCE FOR THE MAXIMUM PERIOD ALLOWED FOR THE ABOVE FELONY UNDER R.C. 2967.28."

**{¶ 5}** On July 22, 2003, appellant moved for a delayed appeal, which this court granted on September 5, 2003.[1] Although this court initially appointed counsel, that counsel withdrew, and this court directed appellant to proceed pro se. He failed to file a brief, and this court dismissed the appeal on February 12, 2004.

**{¶ 6}** Also on July 22, 2003, appellant filed a postconviction relief petition, which the trial court denied on August 14, 2003. He moved to withdraw his guilty plea on June 23, 2004, and the trial court denied that motion on November 9, 2004. On September 7, 2005, appellant again moved for a delayed appeal, which this court denied in October 2005. On July 13, 2009, he filed a motion to "revise/correct" the sentencing journal entry, which the trial court denied on July 21, 2009.

**{¶ 7}** On August 24, 2009, appellant filed a petition for a writ of mandamus to compel the trial court to issue a final, appealable order in the underlying case. *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, Cuyahoga App. No. 93814, 2010-Ohio-1066, ¶3-4, affirmed, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41 (Supreme Court affirmed this court's denial of the writ of mandamus). Appellant submitted that, because the trial court's sentencing journal entry did not reiterate the resolution of deleted specifications and a nolled count and because it improperly included an order

---

[1] Cuyahoga App. No. 83188.

of postrelease control, the sentencing journal entry is void and does not constitute a final, appealable order; thus, he has a right to a new, correct sentencing journal entry that would be a final, appealable order. This court denied appellant's petition on the grounds that appellant had no right to a journal entry stating the means of exoneration for the other count and specifications; and mandamus was not an appropriate procedure for correcting an error in the imposition of postrelease control. Appellant appealed the mandamus action to the Ohio Supreme Court.

{¶ 8} On June 25, 2010, in the midst of briefing appellant's mandamus action before the Ohio Supreme Court, the state filed a motion for nunc pro tunc entry in the trial court. The state requested a correction to the 2003 sentencing journal entry to remove the improper imposition of postrelease control. The trial court granted the state's motion and removed the postrelease control language from appellant's sentencing journal entry. The trial court's nunc pro tunc journal entry, states as follows:

{¶ 9} "AFTER REVIEWING THE TRANSCRIPT OF THE PLEA AND SENTENCING HEARING IN THIS CASE, PLAINTIFF'S MOTION FOR NUNC PRO TUNC ENTRY IS GRANTED. THE FOLLOWING NUNC PRO TUNC ENTRY PURSUANT TO CRIM.R. 36 SHALL RELATE BACK TO THE SENTENCING JOURNAL ENTRY OF APRIL 30, 2003 * * *."

{¶ 10} This timely appeal followed.

## Law and Analysis

## Postrelease Control

{¶ 11} In his sole assignment of error, appellant contends that the trial court improperly granted the state's motion for nunc pro tunc entry without holding a de novo sentencing hearing. He specifically argues that he is entitled to a de novo sentencing hearing because the trial court has never issued a legally valid sentence in his underlying case. Appellant's argument lacks merit.

{¶ 12} Initially, we note that appellant's sentence is not void in this matter merely because the trial court included a postrelease control provision in his sentencing journal entry. Neither party disputes the fact that an individual who is sentenced for murder is not subject to postrelease control because murder is a special felony. A review of appellant's sentencing journal entry reveals that the trial court did not impose a specific term of postrelease control. Rather, the trial court stated that appellant was "subject to postrelease control for the maximum period allowed for the above felony under R.C. 2967.28." Because R.C. 2967.28 does not provide for the imposition of postrelease control for the special felony of murder, the sentencing journal entry does not impose a term of postrelease control. See *State v. Gordon*, Summit App. No. 25370, 2010-Ohio-6308.

{¶ 13} Accordingly, we do not find that the sentencing journal entry is void because it limits postrelease control to what is authorized under R.C. 2967.28 and, therefore, does not actually impose any term of postrelease control. *State v. Austin*, Cuyahoga App. No. 93028, 2009-Ohio-6108, ¶7.

{¶ 14} Nevertheless, appellant's argument that he is entitled to a de novo sentencing hearing is now moot under *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, which states that a de novo hearing to which an offender was entitled under *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, is now limited to proper imposition of postrelease control. Therefore, had appellant's sentence been somehow void, it would have only been void in relation to the court's imposition of postrelease control. Pursuant to *Fischer*, appellant's only available remedy would have been to strike the postrelease control language from the record, which is what occurred in this case.

{¶ 15} In the case at bar, the state's motion for nunc pro tunc entry was appropriate under Crim.R. 36, which states, "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A trial court may use a nunc pro tunc entry to correct mistakes in judgments, orders, and other parts of the record so the record speaks the truth. *State v. Spears*, Cuyahoga App. No. 94089, 2010-Ohio-2229, at ¶1.

{¶ 16} Here, a review of the trial transcript indicates that appellant was never informed at the time of his plea or at his April 28, 2003 sentencing hearing that postrelease control was going to be imposed. It is clear from the record that the trial court made a clerical error by including postrelease control in the sentencing journal entry issued on April 30, 2003. The amended sentencing journal entry reflects the truth of what actually happened. Therefore, the trial court did not err in granting the state's motion for nunc pro tunc entry.

{¶ 17} Appellant's sole assignment of error is without merit and is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KENNETH A. ROCCO, J., CONCUR