[Cite as *State v. Freeman*, 2016-Ohio-8143.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103660**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAMIEN FREEMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, VACATED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-01-413757-ZA

**BEFORE:** Laster Mays, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 15, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By:   Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

John P. Parker
988 East 185th Street
Cleveland, Ohio 44119


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Brett Hammond
Assistant County Prosecutor
Justice Center, 9th floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant, Damien Freeman ("Freeman"), proceeding pro se, appeals from the trial court's denial of his motion to vacate a noncognizable offense and motion for sentencing. We affirm the trial court's decision, but remand for the limited purpose of vacating the imposition of postrelease control.

## I.    FACTS AND BACKGROUND

**{¶2}** In September 2001, at the age of 24, appellant was indicted by the Cuyahoga County Grand Jury for allegations surrounding the August 23, 2001 death of Ciera Freeman, 11 months of age. Appellant was charged with murder (R.C. 2903.02(B)), felonious assault (R.C. 2903.11), and endangering children (R.C. 2919.22).

**{¶3}** Counsel was appointed and, after several pretrials, and discovery, the trial court determined that appellant was competent to stand trial. On December 11, 2001, appellant retracted his not guilty plea. Appellant pled guilty to the murder charge (R.C. 2903.02(B)), and the trial court nolled the remaining charges.

**{¶4}** On December 11, 2001, appellant was sentenced to a 15 years-to-life prison term at the Lorain Correctional Institution with 103 days of jail-time credit. The entry also provided that "postrelease control is part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28."

**{¶5}** On September 3, 2002, this court dismissed appellant's pro se motion for delayed appeal and appointment of counsel pursuant to App.R. 5(A). On April 5, 2004,

and August 4, 2004, appellant's motions to withdraw his plea pursuant to Crim.R. 32.1 were denied.

{¶6} Appellant's motion for the court reporter's transcript was denied on January 25, 2005, and his pro se appeal filed February 15, 2005, was sua sponte dismissed by this court on April 15, 2005, for failure to file a praecipe pursuant to Loc.App.R. 9(B).

{¶7} On September 15, 2015, appellant filed a pro se "motion for vacation of noncognizable offense and motion for sentencing (for vacation of unauthorized imposition of postrelease control)." The motion, partly based on *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016,[1] was denied on October 2, 2015. Appellant filed the instant appeal on October 23, 2015, the oral argument for which was continued to allow appointment of counsel.

## II. ASSIGNMENTS OF ERROR

{¶8} Appellant appeals, proffering the following assignments of error:

I. The trial court committed error when it informed Mr. Freeman that it would impose and then did impose, as part of his sentence for murder, a period of postrelease control.

II. The trial court erred in finding appellant guilty of felony murder under R.C. 2903.02(B) where appellant was not, and could not have been, found guilty of an underlying felony.

## III. LAW AND ANALYSIS

---

[1] It appears in appellant's most recent brief that the *Nolan* argument has been abandoned because *Nolan* held that attempted felony murder is not a cognizable crime in Ohio (R.C. 2903.02(B)), which does not apply to this case.

## A.  Assignment of Error No. I

{¶9}  Appellant first argues that his conviction should be vacated and a new trial awarded due to the trial court's failure to properly advise him of postrelease control; therefore, his plea was not knowingly, intelligently and voluntarily made.  We acknowledge the state's position that this argument may be barred by res judicata, because the issue could have been raised on direct appeal.  *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 (res judicata bars the assertion of claims in a motion to withdraw a guilty plea that was, or could have been, raised in a prior proceeding.)  However, in light of the specific facts of this case, we will address the argument.  We find that the argument lacks merit.

{¶10}  Appellant relies on *State v. Rembert*, 8th Dist. Cuyahoga No. 99707, 2014-Ohio-300, ¶ 24, where Rembert challenged the validity of his plea due to the trial court's failure to provide proper instruction regarding postrelease control and parole.  We determined that Rembert's plea was knowingly, intelligently, and voluntarily made.  Our analysis in *Rembert* applies here, but not to appellant's benefit, because our decision does not entitle appellant to a new trial.

{¶11}  Appellant was sentenced to 15 years to life, and advised that "postrelease control is part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28."  As we acknowledged in *Rembert*, who was sentenced to life imprisonment with parole eligibility after 25 years, "because  parole is not certain to occur, the trial court would not be required to explain it in the plea colloquy." *Id.* at ¶ 27.

**{¶12}** R.C. 2967.28 does not provide for postrelease control for felony murder; therefore, it was error to impose postrelease control in this case. *State v. Davis*, 8th Dist. Cuyahoga No. 95440, 2011-Ohio-2526, ¶ 13. However, appellant has not been prejudiced thereby. *State v. Stokes*, 8th Dist. Cuyahoga No. 93154, 2010-Ohio-3181, ¶ 9. In addition:

> [A] sentencing entry that incorrectly imposes postrelease control does not render the entire sentence void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. Only that portion of the judgment that improperly imposes postrelease control is void. *Id*.; [*State*] *v. Evans*, 8th Dist. Cuyahoga No. 95692, 2011-Ohio-2153, ¶ 8-9.

*State v. Opalach*, 8th Dist. Cuyahoga No. 100938, 2014-Ohio-5037, ¶ 8.

**{¶13}** The state has conceded this portion of the error. We thus direct that a nunc pro tunc entry be entered to delete the imposition of postrelease control. "A trial court may use a nunc pro tunc entry to correct mistakes in judgments, orders, and other parts of the record so the record speaks the truth. *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 1." *State v. Davis*, 8th Dist. Cuyahoga No. 95440, 2011-Ohio-2526, ¶ 15.

## B.    Assignment of Error No. II

**{¶14}** Appellant's second assigned error challenges the felony murder conviction. We find that this error lacks merit.

**{¶15}** Appellant was convicted under R.C. 2903.02(B):

> (B)   No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code.

{¶16}     As the state aptly observes, appellant's guilty plea is a complete admission of guilt. In exchange for the guilty plea to felony murder, the remaining charges were nolled. By law, appellant's guilty plea constitutes a waiver of the asserted error here:

> [A] defendant waives all appealable errors that may have occurred at trial when he or she enters a guilty plea as part of a plea bargain, *unless* the purported errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Brusiter*, 8th Dist. Cuyahoga No. 98614, 2013-Ohio-1445, ¶ 5; *State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991).

(Emphasis added.) *State v. Davis*, 8th Dist. Cuyahoga No. 101502, 2015-Ohio-1144, ¶ 13.

{¶17} In addition, a plea bargain is a matter of contract, which is enforceable by its terms.  *See State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-1693, ¶16, citing *State v. Carpenter*, 68 Ohio St.3d 59, 61, 623 N.E.2d 66 (1993).

{¶18} Based on the foregoing, we find that the appellant's second assigned error fails.

## IV.    CONCLUSION

{¶19} Appellant's convictions are affirmed; however, we remand the case to the trial court to issue a nunc pro tunc entry deleting the imposition of postrelease control.

{¶20} Judgment is affirmed in part, vacated in part, and remanded.

It is ordered that appellee and appellant share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR