[Cite as *State v. Hull*, 2017-Ohio-468.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104464

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JASON E. HULL

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-590277-A

**BEFORE:** Jones, P.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** February 9, 2017

**ATTORNEY FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, Ohio 44119


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Margaret Kane
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Jason Hull, appeals his court costs and length of postrelease control. The state, pursuant to Loc.App.R. 16(B), concedes the error. We reverse and remand.

{¶2} In 2016, Hull pleaded guilty to aggravated murder, felonious assault, endangering children, and having weapons while under disability with attendant forfeiture specifications in the death of his girlfriend's two-year-old daughter. The felonious assault and endangering children counts merged with the aggravated murder count and the state chose to proceed to sentencing on the aggravated murder count. At the sentencing hearing, the court imposed the recommended agreed sentence of 20 years to life for aggravated murder, a concurrent three years for having weapons while under disability, and five years of postrelease control on the weapons charge. The court waived fines and court costs, but the journal entry imposed costs.

{¶3} On appeal, Hull raises two assignments of error, both of which the state concedes. He first argues that court costs were improperly imposed in the journal entry due to a clerical error.

{¶4} During sentencing, the trial court stated, "[i]n light of all the circumstances in this case, the kind of penalty being imposed and over the objection of the prosecution, I am going to waive any fine or costs." But the sentencing journal entry stated, "[f]ine waived over the objection of the state. The court hereby enters judgment against the defendant in an amount equal to the costs of the prosecution."

**{¶5}** Crim.R. 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Thus, pursuant to Crim.R. 36, a trial court may use a nunc pro tunc entry to correct mistakes in judgments, orders, and other parts of the record so the record speaks the truth. *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 1; *State v. Davis*, 8th Dist. Cuyahoga No. 95440, 2011-Ohio-2526, ¶ 15.

**{¶6}** Because the journal entry in this case did not reflect what the trial court stated at the sentencing hearing, on remand, the trial court is to enter a nunc pro tunc order showing that it waived court costs.

**{¶7}** The first assignment of error is sustained.

**{¶8}** In the second assignment of error, Hull argues that the trial court improperly imposed five years of postrelease control on his weapons charge. The state concedes the error and we agree.

**{¶9}** Hull pleaded guilty to having weapons while under disability, a felony of the third degree. R.C. 2967.28(C) states:

> Any sentence to a prison term for a felony of the third, fourth, or fifth degree * * * shall include a requirement that the offender be subject to a period of postrelease control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender.

**{¶10}** Thus, pursuant to R.C. 2967.28(C), Hull is subject to up to three years of

postrelease control.[1]

{¶11} In *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus, the Ohio Supreme Court stated that "[f]or criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." As it applies to this case, R.C. 2929.191 provides that the trial court may, after conducting a hearing with notice, correct an original judgment of conviction by entering a nunc pro tunc entry.

{¶12} When a trial court errs in imposing a term of postrelease control at sentencing, "that part of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. "[O]nly the offending portion of the sentence is subject to review and correction." *Id.* at ¶ 27.

{¶13} Because the trial court improperly sentenced Hull to five years of postrelease control, on remand, the trial court is to hold a hearing where the court can correctly state that Hull is subject to up to a three-year period of postrelease control and enter a corresponding judgment entry.

{¶14} The second assignment of error is sustained.

{¶15} Judgment reversed and case remanded for proceedings consistent with this opinion.

---

[1]Hull is not subject to postrelease control for aggravated murder because that crime is an unclassified felony for which the postrelease control statute does not apply. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR