[Cite as *State v. Staton*, 2017-Ohio-4443.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104983**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# FRANK E. STATON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-604881-A

**BEFORE:**   Blackmon, J., E.T. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**    June 22, 2017

**ATTORNEY FOR APPELLANT**

Britta Barthol
P.O. Box 670218
Northfield, Ohio    44067


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Margaret Kane
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA A. BLACKMON, J.:

**{¶1}** Frank E. Staton ("Staton") appeals from the consecutive 33-year sentences imposed in connection with his guilty plea to two aggravated murders, and other offenses. Staton assigns the following two errors for our review:

> I.   The trial court failed to make all the factual findings necessary to sentence appellant to consecutive sentences under R.C. 2929.14.

> II.   The trial court erred in memorializing in its journal entry that [Staton] is ordered to pay the cost of the prosecution.

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's sentence, but we reverse and remand for nunc pro tunc correction of the record to reflect the trial court's statement at sentencing that costs are waived.   The apposite facts follow.

**{¶3}** On April 1, 2016, Frank E. Staton was indicted in an eight-count indictment in connection with the shooting deaths of Terri Treadway ("Treadway") and Catherine Sutter ("Sutter"), his coworkers at the Hamlet Retirement Community in Chagrin Falls. Counts 1 and 2 charged Staton with aggravated murder, and Counts 3 and 6 charged him with murder.   The remaining counts charged him with felonious assault, and all of the counts contained one-year and three-year firearm specifications.   Staton pled not guilty to the charges.

**{¶4}** On August 23, 2016, Staton entered into a plea agreement with the state. Staton pled guilty to all of the charges, in exchange for the state's agreement not to seek the death penalty.

{¶5} The matter proceeded directly to sentencing. The court heard from an employee of Hamlet Retirement Community, Treadway's sister, and Sutter's husband, sister, and children. The court subsequently merged all of the charges and specifications pertaining to Treadway (Counts 1, 3, 4, and 5), and all of the charges and specifications pertaining to Sutton (Counts 2, 6, 7, 8). The state elected to proceed to sentencing on the aggravated murder charges, Counts 1 and 2. The court sentenced Staton to a term of 30 years to life, plus a three-year firearm specification for the aggravated murder of Treadway, to be served consecutively to the same term for the aggravated murder of Sutton.

## Consecutive Sentences

{¶6} Staton acknowledges that the trial court made findings to support the imposition of the 33-year consecutive sentences, but he asks this court to review the court's statements to ensure that the court complied with its statutory duties.

{¶7} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either (1) the record does not support certain specified findings; or (2) the sentence imposed is contrary to law. An appellate court may vacate or modify any sentence that is clearly and convincingly contrary to law only if the appellate court finds by clear and

convincing evidence that the record does not support the sentence. *Id*. at ¶ 23. In accordance with R.C. 2953.08(A)(1), Staton may appeal as of right the imposition of consecutive sentences.

{¶8} Before a trial court may impose consecutive sentences, the court must first make specific findings mandated by R.C. 2929.14(C)(4) and incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Under R.C. 2929.14(C)(4), the court must find that consecutive sentences are: (1) necessary to protect the public from future crime or to punish the offender; and (2) are not disproportionate to the seriousness of the offender's conduct and to the danger the offender possess to the public. R.C. 2929.14(C)(4). In addition to making those findings, the court must also find one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶9} Trial courts are required to make the necessary statutory findings when imposing consecutive sentences, but they have no duty to give reasons in support of those

findings. *Bonnell* at ¶ 24. An appellate court may vacate an order of consecutive sentences if it clearly and convincingly finds that the record does support consecutive sentences under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a).

{¶10} At the sentencing hearing in this matter, the trial court stated as follows:

THE COURT: I don't understand the hatred one would have to just basically in cold blood shoot two people that one you were supposedly in love with, one you worked with. It makes no sense. I've read the sentencing memorandum. I've read the report of Dr. Fabian. I've read the report from the court psychiatric clinic. And I've been up here a long time and I've seen these type of reports. There's no explanation set forth anywhere in these materials which would give me reason to have any type of compassion here. Your attorney is doing his job, and he's an excellent lawyer, and he asked me to give you one glimmer of hope. These people will never have one glimmer of hope. Their questions are unanswered. They will live every day the rest of their life not knowing why this happened, not having a mother, not having a grandmother, not having a sister. They will think about this every morning when they wake up. So you don't deserve to have that glimmer of hope. Do you understand?

THE DEFENDANT: Yes.

THE COURT: To the family and friends, obviously these are two special people, I can tell by the statements that were read in court, by the support shown here in the courtroom.

Having said all that, on Count 1, defendant will serve 30 years with a three-year firearm specification, which must be served prior to and consecutive to the 30-year base term. Count 2, he will serve 30 years, with the three-year firearm specification. One and three merge on Count 1. The one and three merge on Count 2. That will run consecutive to the sentence in Count 1, for a total commitment of 66 years to life.

These sentences are being run consecutively[,] consecutive to obviously punish the offender for the heinous nature of this crime. Certainly these sentences are not disproportionate to the seriousness of his conduct. And

finally, he committed these offenses as part of a course of conduct when two people were basically shot in cold blood.

{¶11} We conclude that the court's remarks during sentencing demonstrate that the trial court found that the consecutive sentences are necessary to punish Staton, that the consecutive sentences are not disproportionate to the seriousness of Staton's conduct, and that Staton committed the instant offenses "as part of a course of conduct when two people were basically shot in cold blood." The court also noted the "heinous nature of this crime," and that there had been absolutely no explanation for the murders in the entire record. The court stated that after scouring the entire record, and considering the tremendous harm Staton had caused to the Treadway and Sutton families, no lesser sentence was justified. Further, the sentencing journal entries set forth all of the findings required under R.C. 2929.14(C)(4). Therefore, we conclude that the trial court made all of the required R.C. 2929.14(C)(4) findings before imposing consecutive sentences in this matter.

{¶12} The first assigned error is without merit.

## Costs

{¶13} In the second assigned error, Staton argues that the trial court erred in issuing costs in the sentencing journal entry, after advising Staton in open court that costs were waived. The state concedes this error.

{¶14} R.C. 2947.23(A)(1) states that "[i]n all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution, including any

costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." However, in issuing a judgment for costs under the statute, a trial court must orally inform the defendant at the sentencing hearing that it is imposing costs. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 1. Failure to so inform the defendant does not void the entire sentence, however. *Id.* Additionally, waiver of costs is permitted if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14.

{¶15} Under Crim.R. 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Thus, pursuant to Crim.R. 36, a trial court may use a nunc pro tunc entry to correct mistakes in judgments, orders, and other parts of the record so the record speaks the truth. *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ("[A] nunc pro nunc entry may be

used to correct a sentencing entry to reflect the sentence the trial court imposed

upon a defendant at a sentencing hearing.").

{¶16} During the sentencing hearing in this matter, the trial court stated, "Court costs waived." But the sentencing journal entry contained the following clerical error:

> Costs waived defendant advised of appeal rights. Defendant indigent * * *.
> Transcript at state's expense. The court hereby ***enters judgment against the defendant in an amount equal to the costs*** of this prosecution.

(Emphasis added.)

**{¶17}** Because the journal entry in this case did not reflect that the trial court waived the costs during the sentencing hearing, on remand, the trial court is to enter a nunc pro tunc order showing that it waived court costs. *Accord State v. Hull*, 8th Dist. Cuyahoga No. 104464, 2017-Ohio-468, ¶ 6 (remanding for issuance of nunc pro tunc order stating costs are waived); *State v. Barnes*, 8th Dist. Cuyahoga No. 104045, 2017-Ohio-383, ¶ 22 (remanding for issuance of nunc pro tunc order stating that costs are waived).

**{¶18}** The second assigned error is sustained.

**{¶19}** Staton's conviction and sentence are affirmed, the imposition of costs is reversed, and the matter is remanded for nunc pro tunc correction of the record as to costs.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, P.J., and

FRANK D. CELEBREZZE, JR., J., CONCUR